# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Taz Ta'von Hammond,

    Plaintiff

v.

State of Nevada; Officer Tyler Tomasek,

    Defendants

Case No. 2:24-cv-00310-JAD-EJY

**Order Granting in Part Motion to Dismiss, Denying Remaining Motions, and Ordering the Parties to Show Cause by August 26, 2024, why this Case Should Not Be Stayed Pending the State-Court Proceedings**

ECF Nos. 22, 26, 27, 29

Plaintiff Taz Ta'von Hammond filed this 42 U.S.C. § 1983 lawsuit against the State of Nevada and Nevada Highway Patrol Trooper Tyler Tomasek over "a troubling violation of constitutional rights during a routine traffic stop" on November 5, 2023.[1]  In his complaint, Hammond claims that, after a lawful stop, the trooper searched Hammond's vehicle without consent or a warrant, violating his Fourth Amendment rights.  That intrusion was compounded with a Sixth Amendment violation, he adds, when the trooper falsely stated that Hammond was being charged with a crime under state law when, in fact, he was being charged "under the special maritime and territorial jurisdiction of the United States."[2]

The defendants move to dismiss Hammond's complaint as insufficient, confusing, and failing to state any colorable claims.[3]  While Hammond has responded to that motion, he merely

---

[1] ECF No. 14 at 6 (complaint).

[2] *Id*. at 6–7.

[3] ECF No. 22.  The motion is far from a model of clarity.  Its stock recitation of legal standards is three times as long as its analysis, and its argument section (with a section A but no B) appears to stop abruptly before completion.  *Id*. at 6.  But the motion succeeds in calling into question the legal and factual bases for Hammond's claims and requested relief.

raises various new theories that are not pled in his complaint.[4]  Having carefully reviewed Hammond's complaint and construed it liberally, I find that he has pled a plausible Fourth Amendment unreasonable-search claim for damages under § 1983 against Trooper Tomasek, but I dismiss all remaining claims.  And because it appears that this court's ability to adjudicate this case is complicated by the pendency of his ongoing state-court matter, **I order Hammond to show cause by August 26, 2024**, why this case should not be stayed as a matter of comity under the *Younger* abstention doctrine.

## Background

Plaintiff Taz Ta'von Hammond alleges that he was operating a "private vehicle lawfully near the intersection of Spring Mountain and Valley View Road" in Las Vegas, Nevada on November 5, 2023, when he was stopped by Nevada Highway Patrol Trooper Tyler Tomasek because "the license plate did not match the car."[5]  Although the scope of the trooper's investigation should not have exceeded "the license plate and registration issues," he entered the vehicle without consent, a warrant, or any justification.[6]  While Hammond does not say what happened as a result of Tomasek's entry into the vehicle, he claims that it constitutes "an unlawful search and seizure in clear violation of the Fourth Amendment" and 18 U.S.C. § 242.[7]

Hammond claims that Tomasek compounded the constitutional violations because he "failed to properly inform [him] of the true jurisdictional nature of the alleged crimes [that he] was charged with.  Instead of specifying that [he] was being charged under the special maritime

---

[4] ECF No. 25 (Hammond's "objection," which I liberally construe as his opposition to the motion to dismiss).

[5] ECF No. 14 at 6.

[6] *Id.*

[7] *Id.*

2

and territorial jurisdiction of the United States, they disguised the jurisdiction as falling under state law (NRS)."[8]  Hammond theorizes that "[t]his jurisdictional deception deprived [him] of [his] constitutional right to understand the nature and cause of the charges against him" in violation of the Sixth Amendment.[9]  He prays for a declaration that he is not a citizen of the United States, an "order suppressing any evidence obtained as a result of the unlawful stop," and "an injunction against all law enforcement officers acting under the color of law."[10]  He does not seek damages.

## Discussion

**A.     While a pro se plaintiff's complaint must be liberally construed, it still must contain enough factual detail to state a plausible claim for relief.**

Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[11]  To do this, a plaintiff must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[12]  A complaint that fails to meet this standard must be dismissed.[13]

---

[8] *Id*. at 7.

[9] *Id*.

[10] *Id*. at 4.

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[12] *Id*. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[13] *Id*. at 570.

But federal courts must also interpret all pleadings "so as to do justice,"[14] and the Supreme Court has consistently held that pro se pleadings are "to be liberally construed."[15]  So a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[16]  If the court grants a motion to dismiss for failure to state a claim, it should advise a pro se plaintiff of the deficiencies of the complaint and give him leave to amend unless it appears beyond doubt that the deficiencies cannot be cured by amendment.[17]

**B.  Hammond cannot state a plausible Sixth Amendment claim for this scenario.**

Hammond claims that Trooper Tomasek violated his Sixth Amendment rights by "fail[ing] to properly inform [him] of the true jurisdictional nature of the alleged crimes [that he] was charged with."[18]  "Instead of specifying that I was being charged under the special maritime and territorial jurisdiction of the United States, they disguised the jurisdiction as falling under state law (NRS)," he alleges.[19]  But the charges as written on the Nevada Highway Patrol's citation are for violations of state-law provisions of the Nevada Revised Statutes only:  (1) NRS 482.545 "Fictitious or Revoked Registration," (2) NRS 482.545 "Unregistered Vehicle," (3) NRS 483.550 "Driving Without Valid License," and (4) NRS 485.187 "Unlawful Acts Financial Responsibility" (no proof of insurance).[20]  And in his response to the motion to dismiss,

---

[14] Fed. R. Civ. P. 8(e).

[15] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

[16] *Id.* (cleaned up).

[17] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

[18] ECF No. 14 at 7.

[19] *Id*.

[20] *See* ECF No. 22-1 at 2.  *See also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if . . . the document forms the basis of the plaintiff's claim.").

Hammond acknowledges that his prosecution for those offenses is being presided over by the Justice of the Peace for Las Vegas Township Department 2, Joseph Sciscento.[21]  So Hammond's conclusory legal allegation that he was being charged under some federal authority is simply factually implausible.

And while the Sixth Amendment guarantees a criminal defendant the right "to be informed of the nature and cause of the accusation,"[22] "the Sixth Amendment's protection does not come into play until the government has committed itself to prosecution."[23]  That time doesn't come until after the arrest or issuance of a citation by law enforcement.[24]  So Hammond cannot state a Sixth Amendment claim based on the events he recounts in the complaint. Because the Sixth Amendment does not extend to this scenario as a matter of law, it is beyond doubt that Hammond cannot state a Sixth Amendment claim here.  So I dismiss Hammond's Sixth Amendment claim without leave to amend because amendment would be futile.

**C.    Hammond has stated a plausible Fourth Amendment claim for damages.**

Hammond's complaint does, however, contain enough facts to state a plausible Fourth Amendment unlawful-search claim for damages under 42 U.S.C. § 1983.  The Fourth Amendment prohibits unreasonable searches and seizures.[25]  To establish a viable Fourth Amendment claim, a plaintiff must show that there was a search or seizure as contemplated by the Fourth Amendment and that the search or seizure was unreasonable.  Warrantless vehicle

---

[21] ECF No. 25 at 4, 17.

[22] U.S. Const. amend VI.

[23] *Kladis v. Brezek*, 823 F.2d 1014, 1018 (7th Cir. 1987).

[24] *Id*. (holding that neither the Sixth nor Fourth Amendment requires police "to inform arrested persons of the charges against them").

[25] U.S. Const. amend. IV.

searches are presumptively unreasonable unless the search falls within an exception to the warrant requirement,[26] which include (1) the seizure of an item in plain view,[27] (2) a search based on an officer's reasonable belief that the suspect may gain immediate control of a weapon,[28] (3) a search with consent,[29] and (4) a search based on probable cause to believe the car contains contraband or other evidence of criminal activity.[30]

Hammond alleges that "by entering [his] vehicle without justification during a traffic stop, Officer Tomasek carried out an unlawful search and seizure in clear violation of the Fourth Amendment and" 18 U.S.C. § 242.[31]  He explains that he "was operating [his] private vehicle" on a Nevada road when the trooper pulled him "over after noticing the license plate did not match the car."[32]  "Despite fully complying with all of the officer's instructions, providing identification, and clearly explaining that the vehicle was being used for private purposes rather than commercial," the trooper "proceeded to enter [the] vehicle without consent or a warrant."[33] Hammond theorizes that the trooper lacked "probable cause, consent, or a warrant" and his actions "exceeded the permissible scope of the stop, which was limited to investigating the license plate and registration issues."[34]

---

[26] *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001).

[27] *United States v. Bulacan*, 156 F.3d 963, 968 (9th Cir. 1998).

[28] *Michigan v. Long*, 463 U.S. 1032, 1049 (1983).

[29] *Schneckloth v. Bustamonte*, 412 U.S. 218, 228 (1973).

[30] *United States v. Ross*, 456 U.S. 798, 820-21 (1982).

[31] ECF No. 14 at 6.

[32] *Id*.

[33] *Id*.

[34] *Id*.

These allegations are thin and don't paint a robust picture of what happened or why. And Hammond does not pray for damages in his complaint itself. But he does state in later filings that he desires nominal damages.[35] So I find that these allegations are sufficient at this early point in the litigation to state a plausible claim for an unreasonable search under § 1983, and I liberally construe that claim to be one for damages.[36] Hammond has alleged that the trooper didn't have a search warrant, Hammond did not give consent to search, and his answers and conduct gave the trooper no legal basis to conduct a vehicle search, but the search occurred anyway. This is enough at this point to deny the motion to dismiss Hammond's Fourth Amendment unreasonable-search damages claim.

To be clear, I do not find that Hammond has pled an unlawful-seizure claim. Hammond uses the phrases "unreasonable search and seizure" and "unlawful search and seizure" in this claim, but he does not allege facts suggesting that he was also unlawfully seized.[37] Indeed, he concedes in that claim that "Tomasek pulled me over after noticing the license plate did not match the car."[38] The Supreme Court said in *Delaware v. Prouse* that an officer's mere

---

[35] *See, e.g.*, ECF No. 26 at 7.

[36] Hammond cannot bring a claim under 18 U.S.C. § 242. *See* ECF No. 14 at 3(A). It is a criminal statute, and the Ninth Circuit has long held that it "provide[s] no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). To the extent that Hammond attempts to assert claims under 18 U.S.C. § 242, those claims are dismissed with prejudice. Nor can he assert a claim based on 18 U.S.C. § 7(9) because the location of the events on which this suit is based (the intersection of two public roads in Las Vegas, Nevada) is not within the limited maritime and territorial jurisdiction described in that statute.

While Hammond states in his complaint that he seeks a declaration that he is not a citizen of the United States, an "order suppressing any evidence obtained as a result of the unlawful stop," and "an injunction against all law enforcement officers acting under the color of law," this relief is not available from this court and against Trooper Tomasek here. *See infra* at p. 8.

[37] *See* ECF No. 14 at 6.

[38] *Id.*

reasonable suspicion that a car is unregistered is enough to make that stop constitutional under

the Fourth Amendment.[39]  So I do not construe these facts to allege an unlawful-seizure claim,

merely an unreasonable-search claim.  To the extent that Hammond intended to state an

unlawful-seizure claim, too, he will need to seek leave to amend his complaint to add facts that

support one.

**D.    Hammond's claims against the State of Nevada must be dismissed.**

To the extent that Hammond asserts this surviving Fourth Amendment claim against the

State of Nevada, it must be dismissed because a civil-rights plaintiff can't sue the State of

Nevada in federal court.  The Eleventh Amendment to the United States Constitution immunizes

states and arms of the state from being sued for damages in a civil-rights suit in federal court.[40]

To the extent that Hammond could raise a viable § 1983 claim seeking purely injunctive relief

against the state, he would have to frame that claim as an official-capacity claim against the right

state official who has the power to carry out such an injunctive order, which he has not done.[41]

Even if Hammond had sued the proper state official here, he has not pled a viable

injunctive-relief theory that could survive dismissal.  Though he seeks "an injunction against all

law enforcement officers acting under the color of law," the court lacks the power to enter such a

vague and sweeping order.  As the Ninth Circuit Court of Appeals explained when rejecting a

similar prayer to remedy alleged Fourth Amendment violations in *Zepeda v. U.S. I.N.S.*, "the

---

[39] *Delaware v. Prouse*, 440 U.S. 648, 663 (1979).

[40] *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.").

[41] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (noting that "official-capacity actions for prospective relief are not treated as actions against the State"); *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).

1    injunction must be limited to apply only to the individual plaintiffs unless the district judge

2    certifies a class of plaintiffs.  A federal court . . . may not attempt to determine the rights of

3    persons not before the court."[42]   And since a plaintiff representing himself—as Hammond is

4    here—cannot seek to represent a class of plaintiffs, Hammond can't obtain the injunctive relief

5    he prays for in his complaint.  Plus, "there must be a relationship between the injury" sought to

6    be remedied by the injunction "and the conduct asserted in the underlying complaint."[43]  "Absent

7    that relationship or nexus, the district court lacks authority to grant the relief requested."[44]  And

8    the thin facts alleged in Hammond's complaint don't reflect that relationship here.  So this case

9    survives only on Hammond's Fourth Amendment unreasonable-search claim against Trooper

10   Tomasek for damages.

11   **E.      It appears that *Younger* abstention applies to Hammond's surviving claim.**

12          While Hammond's Fourth Amendment unreasonable-search claim is not subject to

13   dismissal, it appears that this court must stay it while his underlying criminal proceedings are

14   still pending.  The comity-based abstention doctrine developed in the Supreme Court case of

15   *Younger v. Harris* prevents federal courts from interfering in pending state court criminal

16   proceedings, even if there is an allegation of a constitutional violation, unless there is an

17   extraordinary circumstance that creates a threat of irreparable injury.[45]  Injuries are only

18   irreparable if the threat to a petitioner's federally protected rights cannot be eliminated through

19

20

21

22   [42] *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

     [43] *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).

23   [44] *Id*.

     [45] *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

his defense of the criminal case.[46]   The *Younger* abstention doctrine "reflects the strong federal policy against federal interference with state judicial proceedings."[47]

 This case does not present extraordinary circumstances.  Hammond challenges the reasonableness of the search of his vehicle that preceded his traffic charges.  To the extent that the search uncovered evidence leading to his charges, Hammond may address that evidence and the alleged violations through pretrial motion practice or defenses at the trial on his alleged NRS violations, which has the potential to ameliorate any threat to his federally protected Fourth Amendment rights.  Were this court to grant any of the relief that Hammond seeks—like "[a]n order suppressing any evidence obtained as a result of the unlawful stop," or "an injunction against all law enforcement officers"[48]—it would be directly interfering in the state-court litigation.  Because it appears that the charges against Hammond are still pending, *Younger* requires this court to stay this federal case until the completion of the state-court proceedings.

 Importantly, however, the parties have not briefed this abstention issue, and I cannot be certain of the status of the state-court proceedings without their input.  So to give them the opportunity to address whether *Younger* abstention is appropriate, I order plaintiff Taz Hammond to show cause by August 26, 2024, why this case should not be stayed under *Younger* pending the conclusion of the state-court prosecution of these traffic matters.  The defendant will then have ten days to file a response.  I caution the parties that they should focus their briefing on the factors that the Ninth Circuit has held are key to the *Younger* abstention analysis: whether (1) there is an ongoing state judicial proceeding that implicates important state interests; (2) there is

---

[46] *Id*. at 46.

[47] *Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998).

[48] ECF No. 14 at 4.

1   an adequate opportunity in the state proceedings to raise the constitutional challenges; and (3) the

2   requested relief seeks to enjoin or may interfere with the ongoing state judicial proceeding.[49]

3   **F.**     **Hammond's new theories in his opposition are not part of his pleading.**

4         While it does not affect my conclusions here, I write separately to address the impact of

5   the new theories that Hammond raises in his response to the motion to dismiss. When ruling on

6   a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) like the one that the

7   defendants filed here, the court is limited to evaluating the allegations and theories contained

8   within the four corners of the complaint and anything properly incorporated within them.[50] So

9   when ruling on this motion to dismiss, I relied only on the allegations in the complaint and the

10   documents on which it's founded.

11         But in his opposition to the motion, Hammond raises new legal and factual theories. He

12   says that "[t]he state has established commercial contracts with various tow yards, granting them

13   the authority to impound unregistered private vehicles at their discretion. Without" an

14

15   [49] *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citing *ReadyLink Healthcare, Inc. v.*
    *State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). If the state-court proceeding has

16   completed, the claims may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the
    Supreme Court held that if a judgment in favor of a plaintiff on his civil-rights claim necessarily

17   will imply the invalidity of his conviction or sentence, the claim must be dismissed unless the
    plaintiff can demonstrate that the conviction or sentence already has been invalidated. *Id.* at

18   486–87; *see also Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's
    civil-rights claims alleging wrongful arrest, malicious prosecution, and conspiracy among police

19   officers to bring false charges against him); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996)
    (*Heck* barred plaintiff's civil-rights claims alleging that defendants lacked probable cause to

20   arrest him and brought unfounded criminal charges against him); *Whitaker v. Garcetti*, 486 F.3d
    572, 583–84 (9th Cir. 2007) (*Heck* bars a plaintiff's claims challenging the search and seizure of

21   evidence upon which his criminal charges and convictions were based); *Harvey v. Waldron*, 210
    F.3d 1008, 1015 (9th Cir. 2000) (same).

22   [50] *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the
    propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's

23   moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.");
    *Ritchie*, 342 F.3d at 907–08.

injunction, he contends, he "is vulnerable to being targeted and having his vehicles seized unjustly, even when [he] has done nothing wrong."[51]  This tow-truck-industry theory is nowhere in the complaint, the tow-truck company is not a defendant, and private companies aren't typically state actors who can be sued for § 1983 civil-rights claims.[52]  Also new are Hammond's theories that:

- "The State of Nevada has conspired with Judge Joseph Salvatore of the Las Vegas Justice Court to unlawfully deprive the plaintiff of his personal liberty under the guise of legitimate legal authority" by issuing a bench warrant;

- The trooper's "decision to initiate a traffic stop . . . was a clear overreach of his lawful authority" and merely a "pretextual stop[]" devoid of "any legitimate suspicion of criminal activity"; and

- Hammond "was deprived of his vehicle and subjected to an unlawful search and seizure without due process of law."[53]

As additional relief, he seeks "Fines" and "Imprisonment not more than one year."[54]

These are not live claims in this case because they have not been pled in Hammond's complaint.  To the extent that Hammond desires to assert such claims, he will need to file a motion for leave to amend his complaint and attach a proposed amended complaint that contains

---

[51] ECF No. 25 at 3.

[52] *See, e.g.*, *Bolton v. Towing*, 2023 WL 8168968 at *2 (C.D. Cal. Sept. 1, 2023) (finding that plaintiff failed to state a claim against private towing company).

[53] ECF No. 25 at 4–5.

[54] *Id*. at 6.

1    all the claims he desires to bring.[55]   Unless and until Hammond successfully obtains such leave

2    of court, these claims and theories are not at play in this case.

3    **G.       Hammond's motions are without merit.**

4           Hammond has also filed a "motion for declaratory relief," asking for declarations that the

5    trooper's actions violated his Fourth Amendment rights and "that the plaintiff is a national but

6    not citizen of the United States pursuant to 8 U.S. Code § 1481(a)(2)."[56]   Hammond is not

7    entitled to a declaration that the defendant violated his Fourth Amendment rights because he has

8    not pled a claim for such declaratory relief in his complaint.   And he is not entitled to a

9    declaration that he is not a citizen of the United States because such a declaration is not the type

10   of relief available for a Fourth Amendment unreasonable-search claim, which is the only viable

11   claim that Hammond currently has in this case.[57]   So I deny Hammond's motion for declaratory

12   relief.

13          In a separate motion for summary judgment, Hammond asks for orders declaring that his

14   Fourth and Fifth Amendment rights were violated, that he is not a citizen, that "Nevada Revised

15   statutes [are] void and null when conflicting with the United States constitution," and for an

16   award of $1 in nominal damages.[58]   Because he has not pled claims for any of these declarations

17   or prayed for nominal damages, and he does not currently have a Fifth Amendment claim,

18   Hammond cannot seek such relief through summary judgment.   So I deny his motion for

19

---

20   [55] *See* Local Rule 15-1.

21   [56] ECF No. 27.

22   [57] To the extent that Hammond is suggesting that he subscribes to a sovereign-citizen-type
     ideology, or otherwise believes that he is exempt from the law, that theory has been rejected by
     every court to confront it.   *See Andreaccio v. Weaver*, 674 F. Supp. 3d 1011, 1021 (D. Nev.
23   2023) (collecting cases).

     [58] ECF No. 26 at 17.

summary judgment without prejudice to his ability to bring a more narrow one that is tailored to the relief and claims he has properly pled—and AFTER this court has determined whether a *Younger* stay is appropriate.

Finally, Hammond moves this court "to issue a warrant of arrest" for trooper Tomasek.[59] Because an arrest warrant is not available as a remedy in a civil-rights lawsuit, that motion is denied.

### Conclusion

IT IS THEREFORE ORDERED that:

- Defendants' motion to dismiss **[ECF No. 22] is GRANTED IN PART AND DENIED IN PART**:

  o Plaintiff's **claims against the State of Nevada are dismissed** based on Eleventh Amendment immunity;

  o Plaintiff's **Sixth Amendment claim is dismissed** for failure to state a claim and without leave to amend because amendment would be futile;

  o To the extent that plaintiff brings **claims under 18 U.S.C. 242 or 18 U.S.C. 7, those claims are dismissed with prejudice** because these statutes do not give rise to private civil claims and amendment would be futile; and

  o **This case proceeds on plaintiff's Fourth Amendment unreasonable-search claim against Trooper Tomasek for damages under 42 U.S.C. § 1983 only.**

- But because it appears that Younger abstention is warranted, **IT IS FURTHER**

---

[59] ECF No. 29.

**ORDERED that the plaintiff has until August 26, 2024, to show cause in writing why this case should not be stayed under *Younger v. Harris*. Defendant Tomasek will have 10 days after service of Hammond's response to file a reply.**  No further briefing will be entertained.

- **Plaintiff's motions** for declaratory relief and an arrest warrant **[ECF Nos. 27, 29] are DENIED WITH PREJUDICE**; and

- **Plaintiff's motion for summary judgment [ECF No. 26] is DENIED without prejudice** to his ability to file a later, appropriate motion for summary judgment within the court-ordered deadlines.

_____
U.S. District Judge Jennifer A. Dorsey
August 7, 2024