# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Taz Ta'von Hammond,

    Plaintiff

v.

State of Nevada; Officer Tyler Tomasek,

    Defendants

Case No.: 2:24-cv-00310-JAD-EJY

**Order Staying Case and Denying Plaintiffs' Motion for Relief as Moot**

[ECF Nos. 30, 33]

    Pro se plaintiff Taz Ta'von Hammond filed this 42 U.S.C. § 1983 lawsuit against the State of Nevada and Nevada Highway Patrol Trooper Tyler Tomasek over "a troubling violation of constitutional rights during a routine traffic stop" on November 5, 2023.[1] In August 2024, I dismissed Hammond's claims against the State of Nevada and some of the claims against Officer Tomasek, leaving a single Fourth Amendment unreasonable-search claim for damages against Tomasek.[2] But because it appeared that Hammond's remaining claim may be bound up in state-court criminal proceedings pending against Hammond related to the traffic stop, I ordered Hammond to show cause why this case shouldn't be stayed under Supreme Court precedent preventing federal courts from interfering in state-court proceedings.[3] Hammond and Tomasek both filed responses to that order.[4] Because Hammond's unreasonable-search claim relates to an ongoing proceeding and there is adequate opportunity to raise his constitutional challenges in that court, I find that this case must be stayed pending resolution of those state proceedings and deny Hammond's "motion for relief" as moot in light of the stay.

---

[1] ECF No. 14 at 6 (complaint).
[2] ECF No. 30.
[3] *Id.* at 9–11.
[4] ECF Nos. 31, 32.

**Discussion**

The comity-based abstention doctrine developed in the Supreme Court case of *Younger v. Harris* prevents federal courts from interfering in pending state-court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury.[5] The *Younger* abstention doctrine "reflects the strong federal policy against federal interference with state judicial proceedings,"[6] and "[m]inimal respect for the state processes . . . precludes any presumption that the state courts will not safeguard federal constitutional rights."[7] The Ninth Circuit has articulated "a four-part test to determine when *Younger* requires" a federal court to abstain: "*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."[8]

All four of these factors are satisfied here. Hammond stands charged of various misdemeanors, including charges that he was operating an unregistered vehicle and driving without a license or insurance.[9] Hammond does not dispute that those charges stem from the

---

[5] *Younger v. Harris*, 401 U.S. 37 (1971).

[6] *Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998).

[7] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (emphasis omitted).

[8] *Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023) (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)) (cleaned up).

[9] *State of Nevada v. Hammond*, Case No. 23-CR-086701 (Las Vegas Twp. Just. Ct.).

traffic stop he complains of in this action,[10] and the case remains pending.[11]  That proceeding implicates an important public-safety interest in ensuring that cars on state roads are registered and that their drivers are properly licensed and insured, satisfying the second *Younger* factor.[12]

      Hammond also has not shown that he will be unable to obtain an adequate remedy through his state-court proceedings.  *Younger*'s "policy of equitable restraint . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."[13]  Hammond does not provide any argument or authority suggesting that isn't the case in his proceedings.  Finally, Hammond's challenge to the search underlying his charges, if valid, would certainly interfere with and potentially enjoin the state-court proceedings based on the results of that search.

      So, I find that *Younger* requires federal abstention in this case.  Because Hammond's remaining claim has been limited to one for damages, I stay this case until his state-court case (including any appeals) have concluded.[14]  I also deny Hammond's pending "motion for relief" as moot in light of the stay.

---

[10] *See* ECF No. 31.

[11] *State of Nevada v. Hammond*, Case No. 23-CR-086701.  Hammond argues in his response to the order to show cause that the judge in his state case granted his motion to dismiss.  ECF No. 31 at 2.  I take judicial notice of the docket in his state-court case, which shows that his case was not dismissed and remains active.

[12] *See also Juidice v. Vail*, 430 U.S. 327, 345 (1977) ("Pending state criminal proceedings have always been viewed as paradigm cases involving paramount state interests.") (Brennan, J., dissenting).

[13] *Duke*, 64 F.4th at 1095 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

[14] *See Gilbertson v. Albright*, 381 F.3d 965, 979–82 (9th Cir. 2004) (explaining that, when applying *Younger*, claims for injunctive and declaratory relief are dismissed without prejudice, while claims for damages must be stayed pending resolution of the underlying state-court proceedings).  I previously dismissed Hammond's requests for declaratory and injunctive relief. ECF No. 30 at 8–9.

**Conclusion**

IT IS THEREFORE ORDERED that **this court abstains from interfering in Hammond's ongoing state criminal proceedings** under *Younger v. Harris*, 401 U.S. 37 (1971) and **STAYS this damages action for all purposes pending the resolution of Hammond's state case.** If Hammond wishes to pursue his claims <u>after</u> his state criminal proceedings have fully concluded, he may then move to lift the stay.

IT IS FURTHER ORDERED that Hammond's motion for relief **[ECF No. 33] is DENIED** as moot and without prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
September 27, 2024