UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Taz Ta'von Hammond,

    Plaintiff

v.

Officer Tyler Tomasek,

    Defendants

Case No.: 2:24-cv-00310-JAD-EJY

**Order Denying Motions and Striking Unauthorized Notices**

[ECF Nos. 40, 44, 45, 46, 48, 49, 50]

    Pro se plaintiff Taz Ta'von Hammond filed this 42 U.S.C. § 1983 lawsuit against the State of Nevada and Nevada Highway Patrol Trooper Tyler Tomasek over "a troubling violation of constitutional rights during a routine traffic stop" on November 5, 2023.[1] In August 2024, I dismissed Hammond's claims against the State of Nevada and some of the claims against Officer Tomasek, leaving a single Fourth Amendment unreasonable-search claim for damages against Tomasek.[2] But because Hammond's remaining claim is bound up in state-court criminal proceedings pending against him related to the traffic stop, I stayed this case under *Younger v. Harris*.[3] Harris appealed that order, and that appeal remains pending.[4]

    Harris has since filed a "Motion to Dismiss or, in the Alternative, to Lift Younger Stay."[5] In it, he challenges this court's "authority to enforce such an abstention doctrine" and argues that my error must be corrected by lifting the stay "so that Plaintiff's claims may be adjudicated

---

[1] ECF No. 14 at 6 (complaint).
[2] ECF No. 30.
[3] ECF No. 34.
[4] ECF No. 35; Ninth Circuit Case No. 24-06281.
[5] ECF No. 40.

without unconstitutional delay."[6]  And while Hammond filed this lawsuit, invoking the jurisdiction of this court, he questions whether this court has the "constitutional authority to continue presiding over this matter," and he argues that this court should find that it "lacks Article III status"—and so does the state court that is presiding over his criminal case.[7]

### A. Hammond's motions to dismiss, lift stay, and force settlement are denied due to the pendency of his Ninth Circuit appeal of the stay order or because they lack merit.

Hammond has not offered a legitimate legal basis to dismiss this case or lift the stay, but even if he had, this court couldn't grant that relief right now because Hammond's appeal is still pending.  As the Ninth Circuit has explained, the general rule is that "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."[8]  The purpose of this rule "is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously."[9]  So Rule 62.1 of the Federal Rules of Civil Procedure says that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."[10]  Because Hammond's arguments impact the issues on appeal, would upset the status quo, and are

---

[6] *Id.* at 1–2.

[7] *Id.* at 3.

[8] *Nat. Res. Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982)).

[9] *Id.*

[10] Fed. R. Civ. P. 62.1.

not founded upon any meritorious basis, I deny the motion to dismiss or lift stay without prejudice while his appeal remains pending.

Hammond has also filed a "Motion to Resolve by Private Constitutional Settlement" in which he asks the court to compel the defendant to settle his case for $10 million or "refer the parties to confidential mediation."[11] But this court lacks the authority to force parties into settlement.[12] As the Supreme Court of Nevada has explained, "[a]lthough efforts on the part of a trial judge to expedite proceedings and to encourage settlements out of court are ordinarily to be commended, such efforts should never be so directed as to compel either litigant to make a forced settlement."[13] So this court cannot compel a defendant to agree to Hammond's proposed settlement in this case. And while I could order the parties to a settlement conference with a magistrate judge, nothing in this case suggests that such an effort would be a valuable use of resources at this time, particularly while Hammond's appeal is pending. Indeed, the defendant notes in response that he believes "mediation would be futile" because the defense's position is that Hammond's case is meritless.[14] So I deny Hammond's settlement-related motion.

**B.     The court strikes Hammond's "notices" because they are not authorized by the rules of this court.**

Finally, I address the fact that Hammond has recently been filing various "notices" with the court that are not authorized by any court rule. For example, he has filed a gotcha notice

---

[11] ECF No. 46 at 2.

[12] *See, e.g., Epps v. Epps*, 440 So. 2d 1314, 1315 (Fla. Dist. Ct. App. 1983) ("Although a trial court may expedite proceedings and encourage out-of-court settlements, it may not compel a litigant to settle.").

[13] *Spittler v. Routsis*, 129 Nev. 1153, *1 (2013) (unpub.) (quoting *Empire Etc. Bldgs. Co. v. Harvey Mach. Co.*, 265 P.2d 32, 35 (Cal. Ct. App. 1954)).

[14] ECF No. 47 at 2.

entitled "Notice of Judicial Admission of Lack of Constitutional Power and Implications for Stay," in which he purports to advise this court that it "acknowledged a lack of judicial power, an admission with profound implications for the continued propriety of abstention doctrines being applied in this case."[15] He filed a "Notice of Judicial Paralysis and Self-Preserving Inaction" that warns this court that its "ongoing silence and refusal to rule on" his pending motions have "triggered unmistakable appearance of judicial paralysis."[16] A "Notice of Watching Record" states that it is filed "not as a motion, but as a constitutional signal to the Court and the parties."[17] And Hammond's last notice is a revised settlement offer to the defense,[18] which should be a private communication between the parties and should not have been filed on the record.

These improper notices are unauthorized, and the court will not take action in response to them. Plus, because this case is stayed for all purposes, this case is not in a position for this court to grant any relief related to these notices. So the court will direct the clerk of court to strike these notices from the record, and Hammond is cautioned that this court may strike any future notices that are not authorized by the rules of this court.

## Conclusion

IT IS THEREFORE ORDERED that Hammond's motions to dismiss, to lift the stay, and for settlement **[ECF Nos. 40, 46] are DENIED. This case remains stayed for all purposes.**

IT IS FURTHER ORDERED that **the Clerk of Court is directed to STRIKE from the record the improper notices filed at ECF Nos. 44, 45, 48, and 50.**

---

[15] ECF No. 44.
[16] ECF No. 45 at 1.
[17] ECF No. 48.
[18] ECF No. 50.

And because this case is stayed for all purposes, which means that this court will not decide any issues that arise in this case while the stay is in place, except as authorized by FRCP 62.1, IT IS FURTHER ORDERED that Hammond's motion for sanctions **[ECF No. 49] is DENIED** without prejudice to his ability to file a new motion seeking such relief only if and when the stay in this case gets lifted. Hammond is cautioned that future motions filed before the stay is lifted may be summarily denied.

_____
U.S. District Judge Jennifer A. Dorsey
July 1, 2025