# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Taz Ta'von Hammond,

     Plaintiff

v.

State of Nevada; Officer Tyler Tomasek,

    Defendants

Case No.: 2:24-cv-00310-JAD-EJY

**Indicative Ruling on
Voluntary Dismissal and
Request to Seal Docket**

[ECF Nos. 53, 54]

**Re: Pending Ninth Circuit Appeal
Case No. 24-6281**

Pro se plaintiff Taz Ta'von Hammond brings this 42 U.S.C. § 1983 lawsuit against Nevada Highway Patrol Trooper Tyler Tomasek over what he characterizes as "a troubling violation of constitutional rights during a routine traffic stop."[1]  Because Hammond's single Fourth Amendment unreasonable-search claim for damages was related to an ongoing state-court prosecution and there was adequate opportunity to raise his constitutional challenges in that court, I stayed the case under *Younger v. Harris*.[2]  Hammond appealed, and that appeal remains pending as Ninth Circuit Case No. 24-6281.

During the pendency of that appeal, Hammond has filed numerous motions and requests in this court, typically in an effort to get this district court to admit that it "lack[s] Article III

---

[1] ECF No. 14 at 6 (complaint).  Hammond initiated this case by filing a notice of removal of his state-court prosecution for having a fictitious or revoked vehicle registration, characterizing that citation-based action as one "commenced under the special maritime and territorial jurisdiction of the United States" and 28 U.S.C. 1333.  ECF No. 1.  Hammond was ordered to file a complaint, ECF No. 4, and he did.  ECF No. 14.

[2] ECF No. 34 (stay order).

judicial power."[3]  This request is obviously confusing, considering that it was Hammond who filed this case in the court that he's claiming lacks the power to adjudicate it.  But the confusion seems to be tied to his further (illogical) theory that if *this* court lacks such power, "then it follows that the state court" (handling his traffic case) "also lacks judicial power" to address constitutional violations, so this court must lift the *Younger* stay.[4]  I've denied all such motions during the pendency of the appeal.[5]

But on July 24, 2025, Hammond filed a pared down "Notice of Voluntary Dismissal and Motion to Seal Case."[6]  He states simply that he "voluntarily dismisses this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure."[7]  He does not ask the court to admit that it lacks Article III power.  But in the next paragraph he "further moves . . . to seal the entire record in this case, including all filings and docket entries, in the interest of privacy, judicial economy, and the facilitation of potential future resolution."[8]

Because this case is stayed, I construe Hammond's dismissal notice as a motion to lift the stay to permit him to voluntarily dismiss the case.  **Because lifting the stay and dismissing this case would impact the issues in the pending interlocutory appeal of the *Younger* stay order, I advise the Ninth Circuit Court of Appeals in accordance with Federal Rule of Civil Procedure 62.1 that I would grant the motion to lift the stay and grant the request for voluntary dismissal were the Court to remand for that purpose.**  But I would deny the

---

[3] *See* ECF No. 40 at 1.

[4] *Id*. at 3.

[5] *See, e.g.*, ECF No. 51.

[6] ECF No. 53.

[7] *Id*. at 1.

[8] ECF No. 54.

request to seal the docket because Hammond has not shown good cause for such sealing that outweighs the public's right to access these records.[9]

The Clerk of Court is directed to **FORWARD this indicative order to the Ninth Circuit Court of Appeals for consideration in conjunction with Case Number 24-6281.**

_____
U.S. District Judge Jennifer A. Dorsey
July 28, 2025

---

[9] _See In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig._, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting _Nixon v. Warner Commc'ns., Inc._, 435 U.S. 589, 597 (1978)) (noting that "[t]he public has a 'general right to inspect and copy public records and documents including judicial records and documents'").  In dismissing the case, I would also deny as moot any other pending motions.